UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL C. EDMINSTER and
CATHY L. PETRI,

                              Plaintiffs,

v.                                           Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michael C. Edminster is a natural person residing in the County of Cattaraugus and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Plaintiff Cathy L. Petri, fiancé of Plaintiff Michael C. Edminster, is a natural person residing in the County of Cattaraugus and State of New York.

6. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff Edminster incurred a credit card debt to Bank of America. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff Edminster thereafter defaulted on the subject debt.

13. That Plaintiff Petri, who resides with Plaintiff Edminster, does not have any legal obligation to repay the subject debt.

14. That upon information and belief Defendant NCO was employed by Bank of America to collect the subject debt.

15. That in or about May of 2008, Defendant began calling Plaintiff Edminster multiple times per week, and sometimes multiple times per day, sometimes on to his residential telephone line, and sometimes to his cellular telephone. The calls continued through at least December of 2008.

16. That during said time Defendant left multiple messages on Plaintiff Edminster's telephone answering machine in which they disclosed they were a debt collector attempting to collect a debt, which were overheard on multiple occasions by Plaintiff Petri and a friend of the Plaintiffs. Prior to said messages Plaintiff Petri and Plaintiffs friend were unaware that the subject debt existed.

17. That Plaintiff Petri was present when many of the telephone calls described herein were made and found them to be upsetting.

18. That as a result of Defendant's acts Plaintiffs Edminster and Petri became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by leaving messages on Plaintiffs answering machine disclosing said debt to Plaintiff Petri.

2

    B. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs home and cellular telephones to ring with the intent to annoy, abuse and harass.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs Edminster and Petri became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: January 30, 2009

/S/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS

Plaintiffs Michael C. Edminster and Cathy L. Petri affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated:  January 30, 2009                                 /s/Michael C. Edminster_
                                                         Michael C. Edminster


                                                         /S/Cathy L. Petri_
                                                         Cathy L. Petri

4